15-24-00119-CV          1-7

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

MAY 02 2025

CHRISTOPHER A. PRINE
CLERK

ELIGAH DARNELL JR          §
APPELLANT                  §
                           §          FIFTEENTH COURT OF APPEALS
                           §
V                          §
                           §
STEVEN McCRAW, DIRECTOR,   §
TEXAS DEPARTMENT OF PUBLIC §
SAFETY,                    §
     APPELLEE              §
                           §

APPELLANTS'
POST SUBMISSION BRIEF

TO THE HONORABLE COURT:

THE APPELLANT FILES THIS BRIEF TO ASSIST THE COURT IN IT'S LIBERAL CONSTRUCTION OF APPELLANTS' REPLY TO APPELLEE'S ISSUES RAISED IN SUPPORT OF THE MOTION TO DISMISS FILED IN THE TRIAL COURT.

# LEGAL AUTHORITIES

BANKS V STATE 29 S.W.3d 642 (TEX. APP. HOUSTON)

CANALES V PAXTON NO. 03-19-00259-CV (TEX. APP. AUSTIN)

CRABTREE V STATE 389 S.W.3d 820 (TEX. CRIM. APP. 2012)

CITY OF SAN ANTONIO V CORTES 468 S.W.3d 580 (TEX. APP. 2015)

HALL V McRAVEN 508 S.W.3d 232 (TEX. 2017)

IN RE SMITH 333 S.W.3d 582 (TEX. 2011)

McCRAW V C.I. 525 S.W.3d 701 (TEX. APP. 2017)

## STATUTES AND CODES

CH.62 TEX. CODE CRIM. PROC

311.027 TEX. GOVT. CODE

ACTS 1997, 75TH LEG., R.S., CH. 668 § 1

14TH AMENDMENT

## DEFENDANTS' MOTION
## TO DISMISS

THE APPELLEE FILED A MOTION TO DISMISS IN THE TRIAL COURT. (CR. VOL 1 AT 69-79) THE TRIAL COURT GRANTED THE MOTION TO DISMISS AS FRIVOLOUS OR MALICIOUS. (CR. VOL 1 AT 266)

THE APPELLANT ADDRESSED THE CLAIMS IN SUPPORT OF THE MOTION TO DISMISS INSIDE HIS INITIAL, SUPPLEMENTED AND REPLY BRIEFS FILED IN THIS COURT.

FOR FURTHER CLARIFICATION AND UNDERSTANDING, THE APPELLANT PROVIDES AS FOLLOWS:

- THE DPS CONSTRUCTION AND APPLICATION OF CH. 62. C.C.P. WAS LIMITED BY 311.027 TEX. GOVT CODE, ART. 62.12 (B)(2)(b) C.C.P AND THE SAVINGS CLAUSE OF CH. 62 C.C.P. IN CH. 668, ACT OF JUNE 1, 1997, 75TH LEG., R.S, 1997. EXCEEDING LIMITED DISCRETION IS AN ILLEGAL ACT TERMED "ULTRA VIRES". HALL V MCRAVEN 508 S.W.3d 232 (TEX. 2017) APPELLANT HAS SOUGHT PROSPECTIVE RELIEF TO COMPEL "MCCRAW" TO REFORM DPS RECORDS AND ONLINE RECORDS TO REFLECT CORRECT INFORMATION. (CR. VOL 1 AT 5) MCCRAW V C.I. 525 S.W.3d 701 (TEX. APP. 2017) ("GRANTING RELIEF ON SAME TYPE OF CLAIMS.")

## DEFENDANTS MOTION-CONT

THE CLERK'S RECORD AFFIRMATIVELY SHOW APPELLANT ISSUED SERVICE BY CITATION TO THE ATTORNEY GENERAL of TEXAS SEE (CR. VOL I AT 184-186) SEE ALSO (CR. VOL I AT 238-239)

THE APPELLANT SOUGHT ADDITIONAL RELIEF SEPERATE FROM THE PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF REGARDING ILLEGAL ACTS, ULTRA VIRES. (CR. VOL I AT 5), ALSO ASKING FOR DECLARATION OF RIGHTS UNDER CH. 62 C.C.P., EXEMPTION TO THE EXTENT THE DUTY TO REGISTER HAD ALREADY EXPIRED ON THE 10TH ANNIVERSARY OF THE 1990 RELEASE TO MANDATORY SUPERVISION-PAROLE CONSISTENT WITH STATUTORY LANGUAGE IN ART. 62.12 (B)(2)(b) C.C.P. FOR NONVIOLENT OFFENSES, DECLARE ART. 62.01 (6) FACIALLY INVALID AS ENCOURAGING VOID JUDGMENTS DUE TO THE STANDARDLESS SWEEP OF THE STATUTORY DEFINITION of 21.11(a)(1) TEX. PENAL CODE OFFENSES; AND ORDER TO VOID THE JUDGMENT, I.E., MODIFY THE JUDGMENT IN CAUSE 0923995 TO REFLECT STATE JAIL FELONY PUNISHMENT. (CR. VOL I AT 5-18)

# DEFENDANTS MOTION - CONT

THERE WAS NO LEGAL OR FACTUAL BASIS FOR DISMISSAL AS FRIVOLOUS OR MALICIOUS WITH PREJUDICE ON ALL THE CLAIMS FOR RELIEF.

1) A PLAINTIFF MAY SEEK TO MODIFY A _VOID_ JUDGMENT THROUGH A CIVIL PROCEEDING. BANKS V STATE 29 S.W.3d 642 (TEX.APP. Hou)

2) A PLAINTIFF MAY SEEK DECLARATORY AND INJUNCTIVE RELIEF TO COMPEL DPS TO COMPLY WITH THE LAW. MCCRAW V C.I. 525 S.W.3d 701 (TEX.APP. 2017) IN RE SMITH 333 S.W.3d 582 (TEX. 2011) HALL V MCRAVEN, 508 S.W.3d 232 (TEX. 2017)

3) A STATUTE MAY BE CHALLENGED FOR BEING FACIALLY INVALID FOR VAGUENESS. CANALES V PAXTON NO. 03-19-00259-CV (TEX. APP. AUSTIN) ART. 62.01(6) C.C.P. IS UNCONSTITUTIONALLY VAGUE. BECAUSE IT'S A STANDARDLESS SWEEP OF THE DEFINITION 14TH AMEND.

4) A DPS CONSTRUCTION AND APPLICATION OF CH. 62 C.C.P. MAY ONLY BE CHALLENGED IN A CIVIL SUIT IN TRAVIS COUNTY. CRABTREE V STATE 389 S.W.3d 820 (TEX. CRIM. APP, 2012)

## DEFENDANT'S MOTION - CONT

LASTLY, AND FOR FURTHER CLARIFICATION, THE APPELLANT MAKES REFERENCE TO THE PREVIOUS JUDGMENT IN CAUSE 0454488 (CR.Vol1-AT 251-253) TO SHOW THE DPS CONSTRUCTION OF THE STATUTORY DEFINITION IN CH.62.01(6) C.C.P. AND HOW IT SHOULD APPLY TO THE 1989 CONVICTION IN CAUSE 0364461-W (CR.Vol-AT 26-27), LEADS TO A RESULT THAT WOULD, IN EFFECT, RE-LITIGATE AN ISSUE PREVIOUSLY DETERMINED AGAINST THE STATE, (WHETHER THE 1989 CONVICTION CAUSE 0364461-W WAS CLASSIFIED A VIOLENT OFFENSE FOR PURPOSES OF 46.05 TEX.PENAL CODE-NOW-CODIFIED AT 46.04 TEX.PENAL CODE), BY A VALID AND FINAL JUDGMENT, IMPLICATING THE COLLATERAL ESTOPPEL DOCTRINE. THIS CLAIM HAS WENT UNDISPUTED BY THE APPELLEE. "RES JUDICATA" WOULD BE IMPLICATED HERE AS WELL AS COLLATERAL ESTOPPEL.

ISSUES OF ULTIMATE FACT DETERMINED PREVIOUSLY BY A VALID AND FINAL JUDGMENT MAY NOT BE RE-LITIGATED. CITY OF SAN ANTONIO V CORTES, 468 S.W.3d 580 (TEX.APP. 2015)

## PRAYER

WHEREFORE, APPELLANT PRAYS THE COURT GRANT RELIEF TO THE APPELLANT AS LAW AND JUSTICE WOULD REQUIRE, AND, AS PRAYED FOR IN THE ORIGINAL PETITION (CR.VOL 1-5-20), INITIAL, SUPPLEMENTED AND REPLY BRIEFS IN THIS COURT. THE MOTIONS FOR SUMMARY JUDGMENT SHOULD BE ADDRESSED ON REMAND. (CR.Vol 1-148-165) (CR.VOL 1-167-175)

ON THIS _25TH_ DAY
of _APRIL_ 2025

RESPECTFULLY,

_____
APPELLANT

## SERVICE

A COPY OF THE APPELLANTS' POST SUBMISSION BRIEF HAS BEEN PLACED IN THE U.S. MAIL ADDRESSED TO:

VISHAL V. IYER
OFFICE OF THE ATTORNEY GENERAL
LAW ENFORCEMENT DEFENSE DIV.
P.O.BOX 12548
AUSTIN, TX 78711-2548

_____
APPELLANT